IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SAMUEL TURNER,<br><br>                    Defendant. | **4:17CR3121**<br><br>**MEMORANDUM AND ORDER** |

Defendant has moved in limine to exclude evidence regarding Amanda G. Kuhn and any testimony this witness may provide on behalf of the government, (Filing No. 22), and for an order permitting Defendant to subpoena the Lincoln Police Department's records for its investigation of Kimberly E. Bridges, (Filing No. 26). For the reasons stated below, these motions will be denied.

STATEMENT OF FACTS

Defendant is charged with knowingly and intentionally possessing with the intent to distribute five grams or more of methamphetamine on August 9, 2017. (Filing No. 1). He initially appeared before the undersigned magistrate judge on November 15, 2017. A case progression order was entered which set a January 16, 2018 trial date, and a pretrial motion deadline of December 15, 2017.

The charges against Defendant arise from the August 9, 2017 arrest of both Defendant and Kimberlie Bridges by the Lincoln Police Department ("LPD"). Defendant states both arrests were based on the same facts, but unlike Defendant, Bridges was charged with only possession of a controlled substance,

for which she is never faced federal charges, and the state charges against her were dismissed.

Based on the disparity in charges filed against Defendant and Bridges, Defendant believes the LPD records of its investigation against Bridges will include exculpatory information relevant to the charges against Defendant and records useful to impeach of the government's witnesses. (Filing No. 27). To that end, Defendant requests leave to subpoena the LPD Records Custodian for production of "all investigative reports regarding Kimberlie E. Bridges regarding her arrest on August 9, 2017," and the subsequent investigation related to that arrest. (Filing No. 26-2).

Defendant also claims that just prior to 5:00 p.m. on December 14, 2017, the government emailed to defense counsel four additional discovery documents regarding the testimony of Amanda G. Kuhn. Defendant states these documents were available to the government as early as June 30, 2017. The documents included plea agreements signed by Kuhn, (Filing No. 32 at CM/ECF p. 2), and reports of her proffer interviews. The interview statements were not transcribed or verbatim, and they were not written, signed or adopted by Kuhn. (Filing No. 32, at CM/ECF p. 3).[1]

---

[1] The alleged late-disclosed documents are not specifically described by Defendant. As such, Defendant has failed to provide a threshold evidentiary showing to support his motion in limine. But rather than denying Defendant's motion outright, the court relies on the document descriptions within the government's briefing.

ANALYSIS

A)    Motion in Limine—Testimony of and Evidence Regarding Amanda G. Kuhn.

Defendant's motion in limine states documents regarding Kuhn were untimely disclosed under Rule 16, Defendant was prejudiced by this delay, and Kuhn's testimony and any evidence about her must be excluded at trial. (Filing No. 22). Defendant's brief further states the government's December 14, 2017 document disclosure was untimely under the Jencks Act and Brady v. Maryland, 373 U.S. 83 (1963).

1)    Plea Agreements.

As noted by the government, Kuhn's plea agreements are Rule 16 materials. The government argues that even assuming it violated the disclosure timing requirements of Rule 16, Kuhn's testimony cannot be excluded as untimely disclosed because Defendant has failed to show any resulting prejudice. (Filing No. 32, at CM/ECF p. 3).

Assuming a discovery violation occurred, before imposing a sanction for untimely disclosure, the court must consider: 1) whether the Government acted in bad faith and why production was delayed; 2) whether Defendant was prejudiced; and (3) whether any lesser sanction is appropriate to secure the government's timely compliance in the future. United States v. Altman, 507 F.3d 678, 680 (8th Cir. 2007).

As to the issue of prejudice, Defendant argues that as to documents first disclosed on December 14, 2017, he was unable to review those documents and then timely file pretrial motions before the December 15, 2017 deadline. But Defendant never moved to continue the pretrial motion deadline, and he has not explained what motions he would have filed had Kuhn's plea agreements been received earlier. Kuhn's plea agreements were disclosed on December 14, 2017, more than a month before the then-scheduled trial, and that trial has now been continued to conduct an evidentiary hearing on Defendant's motion to suppress. Under such circumstances, Defendant cannot show he is unable to adequately plan and prepare for trial due to the untimely disclosure of Kuhn's plea agreements. Altman, 507 F.3d at 680 (holding district court abused its discretion by excluding untimely disclosed testimony where the defense had four days to prepare). And even assuming the government failed to timely disclose the plea agreements, excluding Kuhn's testimony as a sanction for that delay would be unduly harsh and unjust. The plea agreements will not be excluded for alleged untimely disclosure under Rule 16.

2)      Statements.

Citing Rule 16, the Jencks Act, and Brady, Defendant argues Kuhn's testimony must by stricken because the documents summarizing her proffer interviews were untimely disclosed.

i.    Rule 16 and the Jencks Act.

Rule 16 does not authorize "the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). As defined under 18 U.S.C. § 3500 (the "Jencks Act"), the documents at issue are not statements subject the Act's disclosure requirements: They are not transcribed or verbatim statements; statements written, signed or otherwise adopted by Kuhn; or statements reciting or summarizing her grand jury testimony. 18 U.S.C. § 3500(e). Rather, "[t]he reports were written by law enforcement officers from their notes regarding [Kuhn's proffer] interviews." (Filing No. 32, at CM/ECF p. 3).

Moreover, "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C.A. § 3500 (a). "[A]lthough in many cases the government freely discloses Jencks Act material to the defense in advance of trial, . . . the government may not be required to do so." United States v. Wilson, 102 F.3d 968, 971-2 (8th Cir. 1996)(citing United States v.White, 750 F.2d 726, 729 (8th Cir.1984).

So even assuming Kuhn's proffer interview documents are considered Jencks Act statements, the government was not required to disclose those documents before Kuhn testifies. With Kuhn's proffer statements disclosed more

than a month before trial, Kuhn's testimony will not be excluded as untimely disclosed in violation of the Jencks Act or Rule 16.

    ii.    <u>Brady v. Maryland</u>.

<u>Brady</u> requires disclosure of all exculpatory information in the possession of or reasonably available to the prosecution. Brady v. Maryland, 373 U.S. 83 (1963). When filing a motion alleging the government has withheld <u>Brady</u> materials, Defendant must show the information at issue is favorable to the accused, either because it is exculpatory or because it is impeaching; the evidence was suppressed by the government, either willfully or inadvertently; and prejudice ensued. Strickler v. Greene, 527 U.S. 263, 281–82 (1999); U.S. v. Krauth, 769 F.2d 473, 476 (8th Cir. 1985).

Defendant has failed to show Kuhn's proffer interview statements were exculpatory: The government affirmatively states that "[t]he information contained within the witness's statements contained only incriminating, not exculpatory information." (Filing No. 32, at CM/ECF p. 4). Defendant cannot show the government failed to disclose the statements: He received them more than a month before trial. And for the same reasons, Defendant cannot show any prejudice arising from an alleged late receipt of Kuhn's proffer statements. Defendant is not entitled to an order excluding Kuhn's testimony under <u>Brady</u>.

B) Motion for Issuance of Subpoena—LPD Investigative Records regarding Kimberlie E. Bridges.

1) Procedural Issue.

Pursuant to the court's progression order, "[t]he filing, briefing, and hearing of pretrial motions, including ex parte motions and applications, shall be governed by NECrimR 12.1 - 12.5." See Filing No. 14, ¶ 3. Nebraska Criminal Rule 12.3(b)(3) states:

> In the case of a motion seeking discovery or disclosure of evidence, the motion must include a statement verifying that counsel for the moving party has conferred with opposing counsel in person or by telephone in a good-faith effort to resolve by agreement the issues raised by the motion and that the parties have been unable to reach such an agreement.

NECrimR 12.3(b)(3). The court's progression order further emphasizes this meet and confer requirement, and its application to Defendant's pending motion for issuance of a subpoena, stating:

> In the event that any motions are filed seeking . . . discovery of facts, documents, or evidence, including *Brady* material, as part of the motion the moving party shall recite that counsel for the movant has spoken with opposing counsel regarding the subject of the motion in an attempt to reach agreement without the involvement of the court and that such attempts have been unsuccessful. The motion shall further state the dates and times of any such conferences.

See Filing No. 14, ¶ 3(b).

NECrimR 12.3(b)(3) and the above-quoted language of the court's progression order require the parties to attempt to resolve discovery disputes

before seeking court assistance. Counsel and the parties are more informed than the court concerning the disputed issues and the discovery exchanged, and are therefore better equipped to engage in informed discussions which could potentially resolve disputes over pretrial disclosures of information. Although court intervention is sometimes necessary, the laboring oar for resolving discovery disputes should, and under this court's rules and progression order, does rest in the first instance with the parties. Requiring the parties to engage in good faith discussions before filing discovery motions allows for faster case progression and a more efficient use of judicial and attorney resources.

Defendant's motion to issue a subpoena does not state that the parties attempted to resolve this discovery dispute before Defendant filed his motion. Failing to comply with the meet and confer obligation is a sufficient basis, in and of itself, to deny Defendant's motion for issuance of a subpoena.

2)    Substantive law.

Citing Rule 17(c) of the Federal Rules of Criminal Procedure, Defendant requests leave to subpoena LPD records, arguing:

> The investigative reports and materials prepared by Lincoln Police Department on their state prosecution of Defendant's co-defendant Kimberly E. Bridges contain investigative work on Defendant's case that (1) may not have been disclosed to the federal prosecutors; (2) and may contain exculpatory evidence in favor of the Defendant; [and this] information would be admissible for impeachment purposes of witnesses, as well as provide witnesses whose attendance at trial may require subpoena.

(Filing No. 26).

Rule 17(c) "was not intended to provide an additional means of discovery." Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951). To be granted leave to serve a subpoena duces tecum for production of documents in a criminal case, "the moving party must show that the subpoenaed document (1) is relevant, (2) is admissible, and (3) has been requested with adequate specificity." United States v. Hardy, 224 F.3d 752, 755 (8th Cir. 2000). The relevance and specificity elements require more than the title of a document and a suggestion of what the document may say. United States v. Bradford, 806 F.3d 1151, 1155 (8th Cir. 2015) (citing United States v. Stevenson, 727 F.3d 826, 831 (8th Cir. 2013)). A defendant's "mere hope" that the requested documents may prove useful at trial is insufficient to support a subpoena to produce documents. Id.

Here, Defendant claims the federal prosecutor may be withholding evidence, that evidence may favor the Defendant, and receiving the LPD investigative file for Bridges may close that possible informational gap. In support of this claim, Defendant argues the factual basis for the indictment against him is virtually indistinguishable from the facts supporting Bridges' arrest. But, while he is facing a federal indictment, the state charges against Bridges were dismissed and no federal charges were ever alleged. Thus, Defendant believes something is missing from the government's disclosures, and this unknown missing information may be relevant to defending against the federal charges Defendant is facing and/or may be useful during cross-examination of the government's witnesses. (Filing No. 27, at CM/ECF p. 4).

Defendant has failed to show anything other than a "mere hope" that the LPD investigative file of Kimberly E. Bridges will provide evidence relevant to Defendant's case. And the need for evidence to impeach witnesses is generally insufficient to support a Rule 17(c) subpoena for document production in advance of trial. United States v. Nixon, 418 U.S. 683, 701 (1974); Hardy, 224 F.3d at 755. As such, Defendant has failed to make the requisite showing for issuance of a Rule 17(c) subpoena for the LPD investigative file of Kimberly E. Bridges. His motion for leave to serve the proposed subpoena will be denied.

Accordingly,

IT IS ORDERED:

1) Defendant's motion in limine to exclude evidence regarding Amanda G. Kuhn and any testimony this witness may provide on behalf of the government, (Filing No. 22), is denied.

2) Defendant's Motion to Subpoena LPD's records of its investigation of Kimberly E. Bridges, (Filing No. 26), is denied.

January 12, 2018.

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.