IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3121 |
| vs. | |
| SAMUEL TURNER, | ORDER |
| Defendant. | |

The defendant has filed a motion (filing 188) to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court will deny that motion.

Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. § 3582(c)(1)(A). And pursuant to U.S.S.G. § 1B1.13(a)(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.

The defendant offers the Court two broad reasons that he says are "extraordinary and compelling" reasons to reduce his sentence. *See* filing 188. First, he claims that his 2008 state conviction for attempted domestic assault was erroneously used at his 2018 sentencing to establish his "career offender" status pursuant to U.S.S.G. § 4B1.1(a). Filing 188 at 9-10, 11-13; *see also* filing 108 at 6, 16-18. And second, he points to the conditions of incarceration occasioned by the COVID-19 pandemic. Filing 188 at 16-23.

The defendant's collateral attack on his 2008 conviction doesn't work, for three reasons. First, he asserts that the conviction itself, for attempted domestic assault in violation of Neb. Rev. Stat. § 28-323, is invalid because "a crime under that statute required that the victim be in a current 'intimate relationship' at the time of the events. But, the fact alleged – and Turner pled guilty to – established exactly the opposite, i.e., that they had terminated any intimate relationship." Filing 188 at 12. But that's simply wrong: Section 28-323(8) defines an "intimate partner" as "a spouse; a former spouse; persons who have a child in common whether or not they have been married or lived together at any time; and persons who are or were involved in a dating relationship." (Emphasis supplied.)

Second, the defendant turns to the word "attempted," and relies on *United States v. Taylor*, 596 U.S. 845 (2022) for the proposition that "attempted" crimes shouldn't be considered "crimes of violence" for sentencing purposes. *See* filing 188 at 12-13. But that's too expansive a reading of *Taylor*. A "crime of violence," as relevant, "has an as element the use, attempted use, or threatened use of physical force against the person of another[.]" U.S.S.G. § 4B1.2(a)(1) (emphasis supplied). The plain text of that definition includes attempted crimes.

The issue in *Taylor* was, rather, whether the specific offense of attempted Hobbs Act robbery would require proof that the defendant attempted or threatened to use force. *See* 596 U.S. at 850-51. While *Taylor* is generally instructive, it doesn't speak to attempt crimes generally, and doesn't answer whether attempted domestic assault in violation of § 28-323 is a crime of violence. And on that question, the Court is bound by Eighth Circuit precedent indicating that it is. *See United States v. Fischer*, 641 F.3d 1006, 1008-09 (8th Cir. 2011); *United States v. Amerson*, 599 F.3d 854, 855 (8th Cir.

2010). The out-of-circuit precedent cited by the defendant, *see* filing 188 at 14-16, doesn't authorize this Court to set aside Eighth Circuit caselaw.

Third, and most generally, the defendant's collateral attack on his prior conviction and the presentence report isn't a basis for a motion for compassionate release. Even if the Court had mistakenly classified the defendant as a career offender at sentencing, or the presentence report was otherwise in error, then the defendant's recourse was a direct appeal or 28 U.S.C. § 2255 motion. *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir.), *cert. denied,* 142 S. Ct. 2781 (2022). The defendant cannot use a motion under § 3582(c) to collaterally attack the accuracy of the presentence report. *See Crandall*, 25 F.4th at 586; *see also United States v. Burkhead*, 567 F. Supp. 1425, 1427-28 (W.D. Mo. 1983).

The other "extraordinary and compelling" basis for a sentence reduction offered by the defendant is COVID-19. Filing 188 at 10, 16-23. But his passing assertion of "High Blood Pressure and Diabetes," filing 188 at 10, doesn't satisfy § 1B1.13(b)(1)(D): He doesn't allege an ongoing outbreak of infectious disease at his facility,[1] nor is there a declared public health emergency. *See* National Emergencies Act, Pub. L. 118-3, 137 Stat 6 (2023). And his broader argument that the COVID-19 pandemic has made his incarceration "harsher and more punitive," filing 188 at 16-18, doesn't hold up either: It broadly describes the experience of <u>all</u> federal prisoners, so even if it was "compelling," it's hardly "extraordinary." *See* § 3582(c)(1)(A).

---

[1] Nor does there appear to be a factual basis for such an allegation. *See* Bureau of Prisons, *Inmate COVID-19 Data,* https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last updated May 24, 2024).

Having concluded that the defendant hasn't alleged an extraordinary and compelling reason for a sentence reduction, the Court need not consider the defendant's remaining arguments. *See* § 1B.1.13(d).

IT IS ORDERED that the defendant's motion to reduce sentence (filing 188) is denied.

Dated this 5th day of June, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge