**RECEIVED**

SEP 16 2024

CLERK
U.S. DISTRICT COURT
LINCOLN

United States District Court

For The District of Nebraska

Samuel Turner,                    Case No. 4:17-CR-03121

       Petitioner,

V.S.                                Motion For

United States of America          Reduction Of

       Respondent.                 Sentence.

Comes now, the petitioner
Samuel Turner (Here In After)
petitioner, Moves For A Reduction
In his pursuant to the
First Step Act 2018, And the
Statutory provision 3582.(C)(2)
3582(C)(1)(A). And Guidline policy.
1B1.B. In Addition the petitioner.
Request A Reduction pursant
To the General policies Set
Forth In The United States
Attorneys' Resource Manuel.
See Goverments Brief In
Opposition In United
State v. Wheeler 2019.
Specificly id States AN
Inmate may petition.

(1)

The United States, through
Thier own policys, rules and
or Regulations. " This Cort
Should use this Supervisory
powers. To Correct his
Sentence. Specificly The petitioner
Alleges That Intervening Changes
In law. If Resentenced He
Would not Be A Career
Criminal. And Subjected
To 360 months In Federal
Prison

   Alternatively The petitioner
Will argue. He was never
A Career Criminal. As described
under 6.556 4B1.1 provides,
Inter Alia, As Follows.
   4B1.1 Career offender.
   (A)   A defendant Is a
Career offender If (1) the defendant
Was At least eighteen years
old ad the time the defendant
Committed the Instant offense

(2)

Offense of Conviction; (2) the instant offense of Conviction is a Felony that is either a Crime of Violence or a Controlled Substance Offense; And (3) the defendant has at least two prior Felony Convictions of either a Crime of Violence or a Controlled Substance offense.

(b) Except as provided in Subsection (c), if the offense level for a Career offender from the table in this Subsection is greater than the offense level Appl. A Career offenders Criminal history Category in every Case. Under this offense Statutor maximum offense level (1) life 37.

U.S.S.6. 4A1.2 (p)(2016) provides, inter Alia, As Follows
    Crime of Violence Defined.

(31

For the purpose of 4A1.1(P), the definition of "Crime of Violence" is that set forth in 4B1.2(A)

U.S.S.G. 4B1.2(A)(2016) provided Inter Alia, as follows

4B1.2 Definition of Terms Used in 4B1.1

(A) The term "Crime of Violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assualt, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described

(4)

In 26 USC. 5845 (a) or explosive
material as defined in 18.USC
841(C)

(b) The term "Controlled Substance
Offense", means an offense
under federal or State law, punishable
by imprisonment for a term exceeding
one year, that prohibits the
manufacture, import, export distribution,
or dispensing of a controlled
Substance (or a counterfeit Substance)
or the possession of a controlled
Substance (or a counterfeit Substance)
with intent to manufacture, import,
export, distribute, or dispense.

(C) The term "two prior felony
convictions" means (1) the defendant
committed the instant offense of
conviction Subsequent to sustaining.
at least two felony convictions.
of a controlled Substance offense
or one felony conviction of a crime
of violence and one felony conviction

(5)

of a crime of violence and one felony conviction of a controlled substance offense) and (2) the sentences for at least two of the afore-mentioned felony convictions are counted separately under the provisions of 4A1.1 (a) (b) or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial or plea of nolo contendere.

HEBRASKA Statute RRS Neb 28-323 provides as follows.

28-323. Domestic Assault; penalties (1) A person commits the offense of domestic assault in the third degree if

161

(A) Intentionally And Knowingly Causes bodily Injury to his or her Intimate partner.

(b) Threatens an intimate partner with Imminent bodily Injury; OR.

(C) Threatens an Intimate partner in a Menacing Manner.

(2) A person Commits the offense of domestic Assault in the second degree If he or She Intentionally and Knowingly Causes bodily Injury to his or her Intimate partner with A dangerous Instrument.

(3) A person Commits the offense of domestic Assault in the first degree If he or She Intentionally And Knowingly Causes serious bodily Injury to his or her Intimate partner.

(4) Violation of Subdivision (1)(a) or. (b) of This section Is A Class I

(7)

Misdemesnor, except that for any
Subsequent violation of Subdivision
(1)(3) or (b) of this Section, any person
so offending is guilty of a Class
III Felony.

(5) Violation of Subdivision (1)(C) of this
Section is a Class 1 misdemeanor.

(6) Violation of Subsection (2) of this
Section is a Class IIIA Felony, except
that for any second or subsequent
Violation of such Subsection, any
Person so offending is guilty of a
Class II A Felony.

(7) Violation of Subsection (3) of
this Section is a Class II A Felony,
except that for any Second or
Subsequent Violation under such
Subsection, any person so offending
is guilty of a Class II Felony, except
that for any Second or Subsequent
Violation under such Subsection, any
Person so offending is guilty of
a Class II Felony.

(8) FOR purposes of This section,
INtimate partner means A Spouse;
A former Spouse; persons Who have
A Child IN Common Whether or
NOT they have been married or
Lived together At ANY time; ANd
persons Who ARE or Were INvolved
IN a datiNg Relationship FOR purposes
OF this subsection, datiNg Relationship
MeaNs frequent INtimate Associations
primarily Characterized by the
expectation OF Affectional or Sexual
INvolvement, but does Not include a
Casual RelatioNship or AN ordinary
Association between persons IN A
IN a busiNess or Social CoNtext.

Claim.

The defENdANt ARGues
To This Court That, IN his
previous petitioN to This Court,
That it Was Mis INformed
As To What The defENdANt

(9)

was initially charged with. versus.
what He plead to; In This
Case.

The defendant pled to
Neb. Rev. Stat. 28.201, See
State v. Samuel Turner CR08-10883-
Amended Information CR 08-584 where
The defendant pled to Neb. Rev. Stat.
28-201. on 4/25/09. In part
did attempt to, and Knowing Attempt
To Cause bodily Injury,

In United v. Fisher 641 F.3d
1006. The Eigth Circuit Court of
Appeal opinioned
Fischer was Convicted of
Attempted Assault In the Third
degree under Neb Rev. Stat.
28-201, The Judicial Records
Shows that He was Convicted
For Intentionally and Knowingly
Attempting to Cause bodily Injury
to Another person
The offenses of Attempting

to cause bodily injury to another
does not appear to have as an
element, the use or attempted use
of physical force because the
state case establish that the offense
was committed with-out having
a use or attempted use of force.
Also see United States v. Villegas-
Hernandez. 468 F.3d 874, 880-81
(5th Cir 2006). Collecting cases.
U.S. v. Perez-Vargas. 414 F.3d 1282.
10th Cir. 2005): Chrzanoski v. Ashcroft.
327. F.3d 188 (2d Cir 2003) experience.
Suggest numerous examples of
intentional causing physical injury
with-out the use of force
Also James v. United States 550
U.S 192, 208, 127. S ct (2007) the
Rule 921 (a)(33)(ii) is that qualifying
offenses must have the use
or attempted use of physical force
as, an element

        Because Neb. Rev. Stat. 28. 201.
does not have a attempt

Use of Force Element, it's plain error. "Structural. To find the defendant a career criminal.

Applicability of Chandel and Rodriguez-mendez.

This Court argued Eigh Circut precedent. Specifically the eigth. Circuts decisions In United States v. Chandell 25 F. 4th 582 (8th Cir 2022) And In Rodriguez-mendez-sepus. Lo-eCloses Capps reliance on non-retroactive change In law. As a ground for a sentence reduction.
However, both of those Cases here decided Before the 2023 Amendments. To 1B1.3 took effect. And while This Court correctly note that They briefly discussed the

112

Amendments Any Such Discussion
was dicta. See Santana. Mercy
Health, 954 F.3d 1031 8th Cir 2020
(dicta Is Not Binding) In this
petition

The Appellate's Courts Commentary
Regarding the proposed Subsection
(b)(6) and(C) and the potential
meaning was connec(sary to
the Court's Ruling.

A) With legislative Rules adopted
by Federal Agencies, Guideline
And policy Statements Such
As the Amended 1B1.13 Are
A matter of the Commission's
"particular Area of Concern
And expertise" And As Such
A Result of Are express Congressional
delegation of Authority,
The Short a Reviewing Court
Is Not Free to Set Aside that
Interpretation] Simply because
it would have Interpreted
the Statute In a Different

(13)

Manner See Batteton v. Francis,
432 416 (1977) The Government itself
has on Several occasions Successfully
blocked Supreme Court Review of the
Issues of Lhenter non-retroactive
Changes Should Be addressed
First by the Commission.

Conclusion-
For The Fongoing reasons The
defendant Hereby Request That
this defendant Be Re Sentenced
with The Couse criminal
Enhoucement.
Dated this 9 day of Sept 2024

x Sam Turner

(1-7)

*Exhibit 1*

The district court correctly determined that the state court's nunc pro tunc order did not change this analysis. That order only clarified that Fischer's previous conviction under Neb. Rev. Stat § 28-310 did not contain an element requiring that Fischer's victim was an "intimate partner" or that his assault was "domestic" in nature. Such an element is not required for characterization as misdemeanor crime of domestic violence. See Hayes, 129 S. Ct. at 1087.

Because Fischer's state court conviction satisfied the force requirement and there was no question that he had a domestic relationship with the victim, that conviction served as a predicate misdemeanor crime of domestic violence for criminal liability under 18 U.S.C. § 922(g)(9). We conclude that the district court did not err in denying Fischer's motion to dismiss, and affirm its judgment.

**Concur**

**Concur by:**                    COLLOTON
COLLOTON, Circuit Judge, concurring.
I see no material distinction between this case and *United States v. Amerson*, 599 F.3d 854 (8th Cir. 2010) **{2011 U.S. App. LEXIS 9}**(per curiam), and I therefore agree that this panel must affirm Delroy Fischer's conviction based on circuit precedent. *Amerson* is probably wrong, however, and Fischer is likely entitled to dismissal of the indictment under the governing statutes.
To prosecute Fischer for a violation of 18 U.S.C. § 922(g)(9), the government must show that he was previously convicted of a "misdemeanor crime of domestic violence." This crime is defined as an offense that, among other characteristics, "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon." 18 U.S.C. § 921(a)(33)(A)(ii).
The difficulty with *Amerson* is the court's holding that "the force requirement of 18 U.S.C. § 921(a)(33)(A)(ii)" was satisfied by "factual findings" in the defendant's prior state court proceedings that the defendant used force against his girlfriend. 599 F.3d at 855. The dispositive question under § 921(a)(33)(A)(ii) is not whether the defendant *actually used force* in committing a misdemeanor offense, but whether the offense of conviction "*has, as* **{641 F.3d 1010}** *an element*, the use or attempted use of physical force." The federal court should use the judicial record of the defendant's **{2011 U.S. App. LEXIS 10}**prior conviction in state court only to determine *which offense* under state law was the offense of conviction. *See United States v. Howell*, 531 F.3d 621, 622-23 (8th Cir. 2008) ("If the predicate statute reaches a broad range of conduct, this court may expand the inquiry to review the charging papers and jury instructions, but *only* to determine which part of the statute the defendant violated."). Once the offense of conviction is identified, the court's analysis must focus on the elements of that offense. *See Leocal v. Ashcroft*, 543 U.S. 1, 7, 125 S. Ct. 377, 160 L. Ed. 2d 271 (2004) (explaining that the comparable language of 18 U.S.C. § 16(a) "requires us to look to the elements . . . of the offense of conviction, rather than to the particular facts relating to petitioner's crime").
In this case, Fischer was convicted of attempted assault in the third degree under Neb. Rev. Stat. §§ 28-201 and 28-310(1)(a). The judicial record shows that he was convicted for intentionally and knowingly attempting to "cause[] bodily injury to another person." Neb. Rev. Stat. § 28-310(1)(a); R. Doc. 26, at 3-14. The offense of attempting to cause bodily injury to another person does not appear to have, *as an element*, the use or attempted **{2011 U.S. App. LEXIS 11}**use of physical force, because the State can establish that the offense was committed without proving a use or attempted use of force. At oral argument, counsel gave the example of a defendant intentionally signaling to the driver of a vehicle that a roadway is clear while knowing that the driver is likely to cause an accident and suffer injury by proceeding. Judicial decisions concerning comparable statutes provide similar analysis. *See United States v. Villegas-Hernandez*, 468 F.3d 874, 880-81 (5th Cir. 2006) ("[I]t

A08CASES                                    5

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

22081047

Felipe Trado-Monroya

29914-180

Exhibit A through 8

SERVE AT:   2545 THERESA, #E6, LINCOLN, NE

ARR:   7/2/08:   9:00 A.M.,   DC #37,   CR08-10883

LANCASTER COUNTY

2009 APR 23  AM 10 46

CLERK OF THE
DISTRICT COURT

## IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

STATE OF NEBRASKA,                )
                                  )       CR 08-584  *of*
            PLAINTIFF,            )       *Amended*
                                  )       INFORMATION
                                  )       FOR:
VS.                               )       *Attempted*
                                  )       I. DOMESTIC ASSAULT IN THE
                                  )          FIRST DEGREE:
                                  )          28-323(3)(6)  F III**a**
SAMUEL TURNER,                    )          28-201
                                  )       II. THIRD DEGREE DOMESTIC
            DEFENDANT.            )           ASSAULT:  28-323  MI


**DANIEL D. PACKARD,** Deputy Lancaster County Attorney by authority of the

State of Nebraska, comes here in person into Court at this, the 2008 TERM,  thereof, and for the

State of Nebraska gives the Court to understand and be informed that **SAMUEL TURNER,** on or

about May 30, 2008, in the County of Lancaster, and the state, aforesaid, contrary to the form of the

statutes in such cases made and provided then and there being, did intentionally and knowingly cause   *attempt to*

serious bodily injury to his intimate partner, to wit: HEATHER BAKER.

II.

**AND THAT SAMUEL TURNER,** on, about or between May 25, 2008 and May 29,

2008, in the County of Lancaster, and the state, aforesaid, contrary to the form of the statutes in such

LANCASTER COUNTY

2008 JUN 24  PM 1 02

CLERK OF THE
DISTRICT COURT

247542

4/23/09 BM



000704739D02

000586368D02

cases made and provided then and there being, did intentionally and knowingly cause bodily injury to his intimate partner, to-wit: HEATHER BAKER.

THE STATE OF NEBRASKA, Plaintiff

GARY E. LACEY
COUNTY ATTORNEY

BY: _____

DANIEL D. PACKARD
DEPUTY COUNTY ATTORNEY

**DANIEL D. PACKARD**, Deputy County Attorney, being duly sworn according to law, says the facts stated in his/her foregoing information are true as he/she verily believes.

_____

DANIEL D. PACKARD    #21991
DEPUTY COUNTY ATTORNEY
575 SOUTH 10TH STREET
LINCOLN, NE 68508
(402) 441-7321

SUBSCRIBED AND SWORN TO BEFORE ME this 24th day of June, 2008.

_____
DEPUTY
CLERK OF THE DISTRICT COURT

cases made and provided then and there being, did intentionally and knowingly cause bodily injury

to his intimate partner, to-wit: HEATHER BAKER.

THE STATE OF NEBRASKA, Plaintiff

GARY E. LACEY
COUNTY ATTORNEY

BY: _____
DANIEL D. PACKARD
DEPUTY COUNTY ATTORNEY

**DANIEL D. PACKARD**, Deputy County Attorney, being duly sworn according to

law, says the facts stated in his/her foregoing information are true as he/she verily believes.

_____
DANIEL D. PACKARD      #21991
DEPUTY COUNTY ATTORNEY
575 SOUTH 10TH STREET
LINCOLN, NE  68508
(402) 441-7321

SUBSCRIBED AND SWORN TO BEFORE ME this 24th day of June, 2008.

_____
DEPUTY
CLERK OF THE DISTRICT COURT

18. U.S.C. 117 Covers

Violence against women

and Department of Justice

Reauthorization act 2005 publ 109-162.

with two or more prior

convictions.

*29 - 2291 (1)*

*Failures To Inform*



**Fw: Samuel Turner, 4:17CR3121**
Richard Kopf (Dist Judge)  to: darik, sara.fullerton                    05/16/2018 03:32 PM
Cc:  Craig Ford, Kristin Leininger

*Dear Counsel,*

I am satisfied that Mr. Turner is a career offender.

Obviously, the prior drug charge counts (Paragraph 67).  Mr. Ford advises that he  counted the attempted domestic assault in the first degree conviction (paragraph 66) since the amended information charged it under Neb. Rev. Stat. section 28-323(3) (created by LB 613 in 2004 and as codified in the statute at the time of sentencing). That statute makes criminal the act of "intentionally and knowingly caus[ing] serious bodily injury to his or her intimate partner."

Furthermore, "attempts" appear to be countable under Application Note 1 to USSG section 4B1.2.

Finally, the relevant documents--the amended information, the sentencing order and the legislative bill that was codified in the statute in 2004--are attached.

All the best.

*Richard G. Kopf*

Senior United States District Judge
Suite  561A
Federal Building
100 Centennial Mall North
Lincoln, NE 68508

Land Line (Judicial Assistant): 402.437.1640
Cell (Direct to Judge): 402.504.0265
E-Mail: Richard_Kopf@ned.uscourts.gov
Fax: 402.437.1641

----- Forwarded by Richard Kopf/NED/08/USCOURTS on 05/16/2018 02:56 PM -----

| From: | Kristin Leininger/NED/08/USCOURTS |
|---|---|
| To: | Richard Kopf/NED/08/USCOURTS@USCOURTS |
| Date: | 05/16/2018 02:55 PM |
| Subject: | Samuel Turner docs |

Lancaster Co. District Court order 4.23.2009.pdf   Lancaster Co. District Court order 8.28.2009.pdf    LB613.pdf

TRULINCS 13254047 - TURNER, SAMUEL - Unit: EDG-B-D

---------------------------------------------------------------------------------------

FROM: Thomas, James
TO: 13254047
SUBJECT: Court Papers
DATE: 05/27/2022 02:06:07 PM

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
STATE OF NEBRASKA,
Plaintiff,
CASE NO. CR08-584
ORDER
SAMUEL TURNER,
Defendant
This matter came before the court for sentencing. The State was represented by Deputy
County Attorney Daniel Packard. The defendant appeared with attorney Rob Kortus. Neither the defendant nor his counsel
having given any reason why sentence should not now be pronounced, this Court sentences the defendant as follows:
Having regard for the nature and circumstances of the crimes and the history, character and condition of the defendant, the
court finds that imprisonment of the defendant is necessary for the protection of the public because the risk is substantial that,
during any period of probation, the defendant would engage in additional criminal conduct and because a lesser sentence
would depreciate the seriousness of the defendant's crimes and promote disrespect for the law.
IT IS THEREFORE, THE JUDGMENT AND SENTENCE OF THE COURT, that the defendant, be, and hereby is, ordered
committed to an institution under the jurisdiction of the Nebraska Department of Correctional Services on Attempted First
Degree Domestic Assault, a Class IV felony, for a period of not less than 18 months nor more than 30 months, no part of which
shall be in solitary confinement except for violation of prison rules. Defendant is to receive 3 days credit for time served.
Sentence is to be served concurrently to case found at U.S. v. Turner, 08CR-3131.
TD
GO
VL
CLERK OF DISTRICT COUI
09 AUG 28 PM 2:08
000752953D02

.
BR
1
Defendant is advised that pursuant to Neb Rev Stat $ 29-2204 he is eligible for parole after he has served one-half of the
minimum term and his mandatory release date is when he has served one-half of the maximum sentence. Both of these
statements assume no good time is lost..
Any portion of the sentences may be served at hard labor as provided by the laws of the
very
State of Nebraska.
The defendant is to pay costs of this action. Bond is to be released.
The defendant should be, and hereby is, remanded to the custody of the Nebraska Department of Correctional Services for the
execution of this sentence and a commitment is to issue accordingly..
SO ORDERED. DATED this 28 day of Art 2009.
BY THE COURT:
Robert R. Ofte District Court Judge

TRULINCS 13254047 - TURNER, SAMUEL - Unit: EDG-B-D

--------------------------------------------------------------------------------

FROM: Thomas, James
TO: 13254047
SUBJECT: Half Court Papers 3
DATE: 05/27/2022 02:21:06 PM

LANCASTER COUNTY SERVE AT: 2545 THERESA, #E6, LINCOLN, NE
2009 APR 23 AM 10 46 ARR: 7/2/08: 9:00 A.M., DC #37, CR08-10883
CLERK OF THE
DISTRICT COURT IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
IT
TT
EF
I CR 08-584
of
STATE OF NEBRASKA,
| Seand amended PLAINTIFF,
INFORMATION
FOR:
Attempted VS.
I. DOMÉSTIC ASSAULT IN THE ) FIRST DEGREE:
28-323(36) FHS SAMUEL TURNER,
28-2011
) II. THIRD DEGREE DOMESTIC DEFENDANT.) ASSAULT: 28-323 MI
WOC
DANIEL D. PACKARD, Deputy Lancaster County Attorney by authority of the
State of Nebraska, comes here in person into Court at this, the 2008 TERM, thereof, and for the State of Nebraska gives the
Court to understand and be informed that SAMUEL TURNER, on or
about May 30, 2008, in the County of Lancaster, and the state, aforesaid, contrary to the form of the
I attempt to statutes in such cases made and provided then and there being, did intentionally and knowingly cause
serious bodily injury to his intimate partner, to wit: HEATHER BAKER.
II.
AND THAT SAMUEL TURNER, on, about or between May 25, 2008 and May 29,
2008, in the County of Lancaster, and the state, aforesaid, contrary to the form of the statutes in such
11111
e BRS PAS MAN

TRULINCS 13254047 - TURNER, SAMUEL - Unit: EDG-B-D

---------------------------------------------------------------------------------

FROM: Thomas, James
TO: 13254047
SUBJECT: The other court papers
DATE: 05/27/2022 02:21:06 PM

SE MAI HA SEDE TER STER
000752419D02 M 200
LANCASTER COUNTY
2008 JUN 24 PM 1 02
CLERK OF THE DISTRICT COURT
000704739D02 000586368D02
numSHO
cases made and provided then and there being, did intentionally and knowingly cause bodily injury
to his intimate partner, to-wit: HEATHER BAKER.
THE STATE OF NEBRASKA, Plaintiff
GARY E. LACEY
COUNTY ATTORNEY
By:
Vand Parland
DANIEL D. PACKARD DEPUTY COUNTY ATTORNEY
DANIEL D. PACKARD, Deputy County Attorney, being duly sworn according to law, says the facts stated in his/her foregoing
information are true as he/she verily believes.
Donnel Parland
DANIEL D. PACKARD #21991 DEPUTY COUNTY ATTORNEY 575 SOUTH 10TH STREET LINCOLN, NE 68508 (402) 441-
7321
SUBSCRIBED AND SWORN TO BEFORE ME this 24 day of June, 2008.
MALANCASTEN
Linda R. (anches
LY
Masi
PUTY
CLERK OF THE DISTRICT COURT
1.
WITNESS LIST
LEON ALTMAN
KAY ASHLEY
STEVE AYRES
ANGELA BELL
FRED BIEBER
MICHAEL AUTEN
JIM BETTS
KEVIN BREWER DIANNE CAMPBELL
LINDA BROKOFSKY
DARLA CATES
KERRY BERNAL
MARK BOHATY DEBRA CAMPBELL ROBERT CITTA BILL CLECKNER VICKY COWAN KELLY DUFFY
DR. CHAKRABORTY ALICIA CLEMENTS
JOHN DIETRICH CAMIE DOVE (FERTIG) MICHAEL GARNETT
MARK FUNKHOUSER LLOYD HALSELL, III
MELLISSA HELLIGSO
JOSEPH CHOQUETTE MALINDA COMBS
JULIE DOSCH PAM FITTJE BILL GARTSIDE JOANNE JENSEN GEORGE LAHNERS JASON LINDER JAMIE MRAZ BARB
MCCUE JON MORRIS
LYNNE KLAWER
MELISSA KREIKEMEIER AMY LANGAN RANDIE MAY ROBERT MCAULEY ANDREA MORRIS
RON OSBORNE MARLIN RAUSCHER
CELESTE LAIRD
BRUCE LUHR BEVERLY MAZUR SARAH MEYER DR. MATTHIAS OKOYE
DAVD PARRISH

TRULINCS 13254047 - TURNER, SAMUEL - Unit: EDG-B-D

--------------------------------------------------------------------------------

VICKY POTTER
REENA ROY
KATHERINE RECTOR
DR. RON RUBOCKI KERRY RYAN
SUSAN RUTLEDGE
ALISON RENNER BRAD RUTLEDGE
TIMOTHY SALMEN
CARMELLA STRONG
MARGARET VENCK DR. JAMES WISECARVER
SARAH SCHEER
KAY SHEPPARD
VICKY TAYLOR
KENDRA TUCKER LAURIE WETING
KEITH WHITE, 1372
PAM ZILLY



Beth Turner
Federal Correctional Institution
PO Box 725
Edgefield, SC 29824
United States

Federal Prison
PO Box 725
Edgefield, SC 29824

The enclosed letter was processed through
special mailing procedures for forwarding to
you. The letter has been neither opened nor
inspected. If the writer raises a question or
problem over which this facility has
jurisdiction, you may wish to return the
material for further information or
clarification. If the writer encloses
correspondence for forwarding to another
addressee, please return the enclosure to the
above address.

Initials _____ ad _____  Date _9-9-24_

**RECEIVED**

SEP 1 6 2024

CLERK
U.S. DISTRICT COURT
LINCOLN

⇦ 13254-047 ⇨
Clerk Of District Court
106 Centennial MALL N
ROOM 593
Lincoln, NE 68508
United States

*Legal mail*