IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SAMUEL TURNER,

Defendant.

4:17-CR-3121

ORDER

The defendant has filed a motion (filing 201) to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits the Court to modify a term of imprisonment if the defendant—having exhausted his administrative remedies—shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, and reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A).

The Court has seen most of the defendant's arguments before, and rejected them. *See* filing 190. The only new argument appears to be the novel contention that the defendant's 2009 conviction for conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine mixture, cocaine mixture, and marijuana mixture, is no longer a prior conviction for a "serious drug felony" requiring a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B). Filing 201 at 19-20, 22.

But leaving aside whether that change in the law could warrant a sentence reduction—*but see* § 1B1.13(b)(6); *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022)—the premise of the defendant's argument is wrong. A "serious drug felony" for purposes of § 841(b)(1)(B) still includes "an offense

under the Controlled Substances Act . . . for which a maximum term of imprisonment of ten years or more is prescribed by law" for which the defendant "served a term of imprisonment of more than 12 months" and his "release was within 15 years of the commencement of the instant offense." 18 U.S.C. § 924(e)(2); 21 U.S.C. § 902(58). There's no question that the defendant's 2009 conviction still qualifies.[1]

---

[1] The defendant cites "*United States v. Ricks*, 836 F.3d 529 (6th Cir. 2016)" for the proposition that "a drug conspiracy conviction under 21 U.S.C. § 846 does not always qualify as a serious drug felony for the purposes of career offender enhancement if the nature of the defendant's involvement in the conspiracy was minimal or non-violent." Filing 201 at 20. But this wasn't a career offender enhancement. And as far as the Court can tell, that case—along with several others cited by the defendant—doesn't actually exist:

- "*United States v. Moore*, 931 F.3d 1080 {8th Cir. 2019)," filing 201 at 15—Nonexistent citation.
- "*United States v. Ruffin*, 978 F.3d 1000 {4th Cir. 2020)," filing 201 at 15—Actually a Sixth Circuit case.
- "*United States v. Becerra*, 992 F.3d 381 (5th Cir. 2021)" for the proposition that "drug conspiracy convictions could be subject to reconsideration under the First Step Act," filing 201 at 19—citation actually points to *United States v. Reyna-Aragon*, 992 F.3d 381 (5th Cir. 2021), which did not involve a drug offense.
- "*United States v. Ricks,* 836 F.3d 529 (6th Cir. 2016)," filing 201 at 20—Nonexistent citation.
- "*United States v. Jackson*, 36 F.4th 708 (8th Cir. 2022)," filing 201 at 21—Nonexistent citation.
- "*United States v. Smith*, 880 F.3d 1169 (8th Cir. 2018)" for the proposition that "domestic violence offenses should be evaluated based on the specific facts of the case and not automatically classified as violent felonies," filing 201 at 21—citation actually points to *Mayotte v. U.S. Bank Nat'l Ass'n for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2006-4*, 880 F.3d 1169 (10th Cir. 2018), which is not a criminal case.
- "*United States v. Johnson,* 592 F.3d 1292 (10th Cir. 2010)," filing 201 at 22—Nonexistent citation.

Such "hallucinatory" citations are known to result from the use of generative artificial intelligence. *See*, *e.g.*, *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 457 (S.D.N.Y. 2023). The

That that reason, and the reasons stated in filing 190,

IT IS ORDERED that the defendant's motion for compassionate release (filing 201) is denied.

Dated this 13th day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

defendant should be on notice of the fact that such conduct, if repeated, could subject him to sanctions, even as a *pro se* litigant. *See Ferris v. Amazon.com Servs., LLC*, No. 3:24-cv-304, 2025 WL 1122235, at *2 (N.D. Miss. Apr. 16, 2025); *Rubio v. D.C.*, No. 23-cv-719, 2024 WL 4957373, at *4 (D.D.C. Dec. 3, 2024); *Vargas v. Salazar*, No. 4:23-CV-4267, 2024 WL 4804091, at *3 (S.D. Tex. Nov. 1, 2024); *Martin v. Hawai'i*, No. 24-cv-294, 2024 WL 3877013, at *2 (D. Haw. Aug. 20, 2024).